IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIDIA GRACIA<br>1284 East 4th Street<br>Bethlehem, PA 18015<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TURNING POINT OF LEHIGH VALLEY,<br>Inc.<br>444 East Susquehanna Street<br>Allentown, PA 18103<br><br>　　　　Defendant. | CIVIL ACTION NO.: |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended by the Civil Rights Act of 1991, as protected by Section 1981(a), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§951-963, to correct unlawful employment practices including sex/race/national origin discrimination, harassment, hostile work environment, and retaliation based on sex and to provide appropriate relief to Plaintiff Nidia Gracia who was adversely affected by such practices.

Plaintiff Nidia Gracia is an adult female and a member of a protected class based on her sex, female and her national origin/race Hispanic. During her employment with Defendant Turning Point of Lehigh Valley, Inc. Defendants subjected Ms. Gracia to regular and pervasive sexual/racial/national origin discrimination in the work place, all of which created a hostile and offensive work environment for her as a Hispanic female. Defendants, by and through the

actions of their employees and/or agents, subjected Plaintiff to sex/race/national origin discrimination, harassment, and retaliation.

Plaintiff is seeking damages and injunctive and declaratory relief from Defendants for the discrimination inflicted in violation of the Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the PHRA, 43 P.S. §§951-963.

Plaintiff duly and timely filed her charges of discrimination with the Pennsylvania Human Relations Commission and cross-filed with the Equal Employment Opportunity Commission on or about October 21, 2014. Plaintiff has complied with all statutory requirements and this matter is ripe for private civil action. More than one year has passed since the filing of the charges of discrimination with the Pennsylvania Human Relations Commission. Plaintiff has received the right to sue from the EEOC, attached hereto and incorporated herein as Exhibit "A" and Charge attached as Exhibit "B."

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, pursuant to 28 U.S.C.§§ 1331, 1343(a)(1), (3) and (4).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Jurisdiction over any state law claims is conferred upon this court by virtue of the Judicial Improvements Act of 1990, 28 U.S.C. § 1367.

## PARTIES

4. Plaintiff Nidia Gracia is an adult individual with a current address of 1284 E. 4th Street Bethlehem, PA 18015.

5. Defendant Turning Point of Lehigh Valley, Inc. is a duly organized corporate entity that employs more than 15 employees with its principal place of business located at 444 East Susquehanna Street Allentown, PA 18103.

6. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§(b), (g) and (h) and the PHRA.

7. At all times material hereto, Plaintiff was an employee of Defendants.

## STATEMENT OF CLAIMS

8. Plaintiff Nidia Gracia is a member of a protected class as a result of her sex, female and her race/national origin Hispanic.

9. Plaintiff was hired on or about June 2004, as a bilingual counselor and was employed by Defendant as the Director of Safe House.

10. At all times relevant hereto, Plaintiff maintained an exemplary performance record.

11. From December 2013 to July of 2014, Ms. Gracia was subjected to harassment and retaliation based on her sex. The harassment included persistent and pervasive unfair treatment and other actions that created a hostile work environment because of her sex.

12. Furthermore, despite excelling at her position, Ms. Gracia was subjected to various adverse employment actions by Defendants, up to the time of her resignation in July of 2014.

14. Beginning in or around December 2013, Freddy Colon, sexually discriminated/harassed Ms. Garcia and created a hostile work environment.

15. On an almost daily basis, Mr. Colon made unwanted sexual remarks, gestures, and advances toward Ms. Gracia. For instance, on one occasion Mr. Colon told Ms. Gracia that her perfume drove him crazy and that he wanted to smell "all of her." On another occasion he told her that her perfume made him feel like a wild animal and proceeded to howl at her. He also called her such names as mama and baby, and made inappropriate comments about her clothing.

16. Although Ms. Gracia immediately made it known to him, that these comments were inappropriate, objectionable, and unwanted, Mr. Colon continued to make unsolicited, objectionable sexual remarks towards Ms. Gracia.

17. As a result of the continued harassment and discrimination, in June of 2014 Ms. Gracia reported Mr. Colon's conduct to her direct supervisor Cathy Moritz, Defendant's Executive Director Diane Zanetti and Defendant's human resources representative Jamie Hanchett.

18. Despite her report of the conduct to the Defendant, no corrective action was taken.

19. As a result, on or about June 23, 2014, Ms. Gracia submitted a formal written complaint to Jamie Hanchett Defendant's Human resources consultant regarding the harassing behavior.

20. After the reports of sexual harassment and hostile work environment were made to her supervisors and human resources, Defendant failed to follow the stated guidelines regarding the handling of complaints as set forth in Defendants policies.

21. As a result of Defendants' failure to take effective action to remove the discrimination and harassment from the workplace, Ms. Gracia was thereafter subjected to daily discrimination, a hostile work environment, and retaliation. Mr. Colon, continued to talk about and to Ms. Gracia in a sexual manner, in furtherance of sexual discrimination,harassment, adn retaliation.

22. Following Ms. Gracia's complaints, Defendants began treating Ms. Gracia differently, in furtherance of sexual discrimination and retaliation.

23. In or around July 25, 2014, Diane Zanetti informed Plaitniff that she was being placed on "Decision making Leave," a formal disciplinary suspension, in furtherance of sexual harassment and discrimination.

24. Other employees, Lori Reinert and Bonnie Pancost, were involved in incidents at work involving violence and/or threats to other employees. Both of these employees were white.

25. Both Lori and Bonnie received verbal warnings, and neither was forced to take "Decision Making Leave," nor was wither white employee told they would be forced to resign.

26. In furtherance of racial/national origin discrimiantion Plaintiff Nidia Gracia was forced to be suspended for "Decision making Leave," and her position was threatened by Defendant.

27. The suspension was allegedly based on accusations that Plaitniff had been negative and abusive towards Defendants staff allegedly creating a hostile work enviroment.

28. Plaitniff was informed that she had to immediately correct her allegedly unacceptable behavior or she would be forced to resign from her position with Defendant.

29. Prior to June of 2014 when her formal complaint was made regarding sexual harassment, Plaintiff consistently receievd positive performance reviews and evaluations from

Defendant.

30. It is believed and averred that Defendnat has previously taken similar retalitory actions against others who have made compalints of harassment/discrimiantion and/or hostile work environment, and that such retalitory practices are sanctioned by Defendnat.

31. In or around August 2014, Plaintiff filled out questionnaires/ and filed informal charges with the Pennsylvania Human Relations Commission and the U.S. Equal Employement Opportunity Comission regarding the sexual harassment, hostile work environment, and retaliation she was forced to endure.

32. On or about September 16, 2014, Ms. Gracia was injured at work. She was required to miss work for a period of time due to her injury.

33. Defendants' actions with regard to Ms. Gracia by and through their agents, servants, workmen, and/or employees, who were authorized and acting within the scope of their authority, were in furtherance of sexual discrimination, harassment, and retaliation. The discrimination and harassment was pervasive and regular because it occurred regularly and on a near daily basis and created a hostile work environment for Ms. Gracia. These actions represent violations of Title VII and the PHRA.

35. The discrimination, harassment, and retaliation made it extremely difficult for Plaintiff to perform her job, and has negatively impacted Plaintiff's professional and personal life, causing her much distress and financial loss.

36. As a result of Defendants' discrimination, Ms. Gracia has suffered financial injuries, including but not limited to, past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits, lost pay increases, front pay, back pay, and lost pay incentives, all of which may continue for an indefinite time into the future.

37. The actions by Defendant have also resulted in damage to Plaintiff's professional reputation in addition to financial, psychological, and emotional injuries. The effect of the practices complained of in the preceding paragraphs have been to deprive Plaitniff, an adult female Hispanic employee, of a harassment-free work enviroment and equal employment opportunities, and have otherwise affected her status as an employee because of her sex.

38. The actions by Defendants, as described above, were intentional and malicious.

39. The unlawful employment practices complained of in the preceding paragraphs were done with reckless indifference to the federally protected rights of Plaintiff as a female Hispanic employee.

## LEGAL ALLEGATIONS

### COUNT I

**Unlawful Sexual Discrimination, Retaliation, and Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, as Amended by the Civil Rights Act of 1991, as protected by Section 1981(a)**

40. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, inclusive, as though each were set forth at length herein.

41. Defendants are employers within the meaning of 42 U.S.C. §§ 2000e(a) and (b).

42. Title VII of the Civil Rights Act of 1964, as amended in 1991, and the regulations promulgated thereunder, make it an unlawful employment practice for an employer to discriminate against any individual with respect to the terms and conditions or privileges of employment on the basis of sex and or national origin. 42 U.S.C. §§ 2000e-2(a)(1).

43. Defendants intentionally discriminated and retaliated against Plaintiff by committing a course of conduct including, but not limited to, the above-described.

44. Defendants forced Plaintiff to endure sex-based discrimination, retaliation, and a hostile work environment by committing a course of conduct including, but not limited to, the above-described.

45. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendants, Plaintiff suffered financial injury including, but not limited to, past loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits.

46. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered severe emotional and mental injuries including, but not limited to, past and present pain and suffering, humiliation, depression, anxiety, and embarrassment.

47. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendants, Plaintiff suffered physical and emotional injury.

48. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendants, Plaintiff suffered professional injuries including, but not limited to, injury to her professional development, loss of potential positions, and damage to her professional reputation.

## COUNT II

### Violations Under the Pennsylvania Human Relations Act

49. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint, inclusive, as though each were set forth at length herein.

50. Defendants' course of unlawful conduct as above-described discriminated against Plaintiff solely on the basis of her sex in violation of the Pennsylvania Human Relations Act. *See* 43 P.S. § 955(a).

51. Defendants forced Plaintiff to endure sex-based discrimination, retaliation, and a hostile work environment by committing a course of conduct including, but not limited to, the above-described.

52. Defendants knew or should have known that its employment practices had a disparate impact upon female employees and failed to stop, continued, and/or encouraged its practice thus aiding and abetting the discriminatory practices by its agents, servants, contractors, workmen, supervisors, managers, and employees in violation of the Pennsylvania Human Relations Act. *See* 43 P.S. § 955(e).

53. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendants, Plaintiff suffered financial injury including, but not limited to, past loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits.

54. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendants, Plaintiff suffered severe emotional and mental injuries including, but not limited to, past and present pain and suffering, humiliation, depression, anxiety, and embarrassment.

55. As a direct and/or proximate result of the above-described discriminatory and retaliatory conduct of Defendant, Plaintiff suffered professional injuries including, but not limited to, injury to her professional development, loss of potential promotions, and damage to her professional reputation.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial in this matter.

## **REQUESTED RELIEF**

Plaintiff Nidia Gracia respectfully prays that this Honorable Court award her the following relief:

a. Exercise jurisdiction over this matter;

b. Issue declaratory and injunctive relief finding that the above-described constituted sexual discrimination and retaliation;

c. Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate her for Defendants' discrimination, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives and lost benefits, injury to reputation, injury to professional development, emotional well-being, humiliation, and physical and mental pain and suffering;

d. Award Plaintiff liquidated damages in the amount of double all damages awarded;

e. Award Plaintiff punitive damages;

f. Award Plaintiff reasonably attorney fees and costs; and

g. Grant such other relief as the Court deems just, proper and equitable, all of which is in excess of $150,000.00.

Respectfully submitted,

_____
Edith A. Pearce, Esquire
Attorney for Plaintiff
1429 Walnut St., 14th Floor
Philadelphia, PA 19102
(215) 557-8686 - phone

# EXHIBIT A

EEOC Form 161 (11/16)         U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nidia Gracia<br>1284 E. 4th Street<br>Bethlehem, PA 18015 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is
      CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2015-60192 | P M. Lucas,<br>Investigator | (215) 440-2652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_[signature]_                                               November 9, 2016

Enclosures(s)                    Spencer H. Lewis, Jr.,              (Date Mailed)
                                 District Director

cc:                                          Edith A. Pearce, Esq.
   TURNING POINT OF LEHIGH VALLEY, INC       The Pearce Law Firm, P.C.
                                             1429 Walnut Str 14th Floor
                                             Philadelphia, PA 19102

   Deirdre K. Todd, Esq.
   The Kamber Law Group, P.C.
   1275 Glenlivet Dr., Suite 100
   Allentown, PA 18106

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

## EXPLANATION OF DISMISSAL AND NOTICE OF RIGHTS

## PLEASE READ THE FOLLOWING INFORMATION CAREFULLY!!!

You filed a charge of employment discrimination with the **Pennsylvania Human Relations Commission (PHRC)**. At the time you filed your charge with PHRC, you were notified in writing by PHRC that PHRC would dual-file your charge for you with the U.S. Equal Employment Opportunity Commission (EEOC). This dual-filing was done in order to preserve your right to file a lawsuit in Federal District Court. PHRC processed your charge and notified you in writing of the reason for its closure of your charge. (If you believe that you did not receive a closure notice from PHRC, **contact the PHRC office where you filed your charge, not EEOC**). PHRC then notified EEOC of the closure of your charge, and the reason for the closure. Based on this notification, EEOC has reviewed and adopted the PHRC's findings, and has closed the dual-filed EEOC charge.

Therefore, based on this closure, EEOC has issued to you the attached "Dismissal & Notice of Rights", which advises you that "EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge" (in your case, this is PHRC). This Dismissal & Notice of Rights from EEOC authorizes you to file a lawsuit in Federal District Court within 90 days if you choose to do so (please note, however, that you are not obligated to file a lawsuit). EEOC does not encourage or discourage such legal action; the decision is entirely up to you.

**IF YOU WISH TO FILE A LAWSUIT**, you must do so with a Federal District Court within 90 days of the date you **received** the Dismissal & Notice of Rights, not the date it is **dated** (it is recommended that you keep the envelope with the post mark). If you intend to consult an attorney, do so promptly. If you do not have an attorney, you may contact the EEOC Legal Unit at **(215) 440-2828** in order to obtain a list of local attorneys. However, you are responsible for all legal fees, and you are also responsible for ensuring that your lawsuit is filed within 90 days.

If you are going to file a lawsuit and want to obtain a copy of the documents and other information contained in your PHRC case file, you must make your request in writing to:

John Clark
Director of Compliance
PA Human Relations Commission
P. O. Box 3145
Harrisburg, PA 17105

**IF YOU DO NOT WISH TO FILE A LAWSUIT**, you need do nothing, but it is recommended that you keep the Dismissal & Notice of Rights for your records. The Dismissal & Notice of Rights will automatically expire in 90 days from your date of receipt.

# EXHIBIT B

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

Nidia Gracia                                  :
                                              :    PHRC Case No.:
    Complainant,                     :
                                              :    EEOC No.:
Turning Point of Lehigh Valley, Inc.          :
                                              :
    Respondent.                      :

OCT 2 1 2014

## COMPLAINT

### JURISDICTION

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951-963.

2. The Complainant herein is:

   Nidia Gracia
   1284 East 4th Street
   Bethlehem, PA 18015

3. The Respondent herein is:

   Turning Point of Lehigh Valley, Inc.
   444 East Susquehanna Street
   Allentown, PA 18103

4. In or around June 2004, I was hired by Respondent as a bilingual counselor. At all times relevant herein, I was employed by Respondent as the Director of Safe House.

5. Respondent employs four (4) or more employees in the Commonwealth of Pennsylvania and is an "employer" within the meaning of the Pennsylvania Human Relations Act.

## COUNT I

### Harassment (Class Related)        Retaliation

6. The sexual harassment and hostile work environment were created as a result of the actions of Freddy Colon, Respondent's Facility Advocate, and as a result of my supervisors' failure to take action upon my prior complaints.

7. On a regular basis, Freddy Colon made comments to me that were sexual in nature. In particular, Freddy would call me "baby" and "mama" when we would interact during work. In addition, Freddy would make sexual advances towards me at work and tell me that he and his fiancée were having issues. On one occasion, Freddy commented that my perfume smelled good and that it made him "feel like a wild animal."

8. In or around June 2014, I complained to my supervisor, Cary Moritz, Respondent's Program Director, Diane Zanetti, Respondent's Executive Director, as well as Jaime Hanchett, Respondent's Human Resources Consultant, regarding the sexual harassment and hostile work environment.

9. However, since the date of my complaints, I have been subjected to a hostile work environment and retaliation on a continuous, regular, and consistent basis based upon my complaints of sexual harassment and hostile work environment. I have continued to make numerous complaints to my supervisors and human resources regarding this hostile work environment and retaliation, but the behaviors of Freddy Colon have continued.

10. On or about July 23, 2014, I submitted a formal complaint to Jamie Hanchett, Respondent's Human Resources Consultant, regarding the behavior of Freddy Colon and Respondent's failure to properly address the sexual harassment and hostile work environment.

11. After I made the reports of sexual harassment and hostile work environment, my supervisors and human resources failed to follow the guidelines regarding employment discrimination set forth by Respondent, and Respondent failed to make them comply with those requirements despite my complaints.

12. On or about July 25, 2014, Diane Zanetti informed me that I was being placed on "Decision-Making Leave," a formal disciplinary suspension, in furtherance of sexual discrimination and retaliation. My suspension was allegedly based on accusations that I had been negative and abusive toward Respondent's staff, therefore causing a hostile work environment. I was informed that I had to immediately correct my allegedly unacceptable behavior or else I would be forced to resign from my position with Respondent. I believe that these actions were taken in furtherance of sexual discrimination and retaliation.

13. Prior to my suspension in July 2014, and before I had complained about sexual harassment and a hostile work environment, I consistently received positive performance evaluations and reviews from Respondent. It is believed that Respondent has previously taken similar retaliatory actions against others who have made complaints of harassment/discrimination and/or hostile work environment, and that such retaliatory practices are sanctioned by Respondent.

14. In or around August 2014, I filled out questionnaires with the Pennsylvania Human Relations Commission and the U.S. Equal Employment Opportunity Commission regarding the sexual harassment, hostile work environment, and retaliation that I have been forced to endure. I was assigned an EEOC Charge Number 846-2014-33919.

15. My employer, Respondent Turning Point of Lehigh Valley, Inc., has failed to take action or failed to take effective action to remove the harassment and retaliation from the workplace.

16. The harassment was pervasive and regular because it occurred on a daily basis and did create a sexually hostile work environment for me.

17. The retaliation and harassment has made it extremely difficult for me to perform my job and has negatively impacted my personal life and mental state.

18. Based upon the foregoing, I allege that Respondent has violated Section 5(a) of the Pennsylvania Human Relations Acts, 43 P.S. 951.

19. The Complainant prays that the Respondent be required to provide all appropriate remedies under Section 9 of the Pennsylvania Human Relations Act.

## DUAL FILING

20. Complainant prays that this charge be cross-filed with the U.S. Equal Employment Opportunity Commission.


The Complainant prays that the Respondent be required to provide all appropriate remedies under Section 9 of the Pennsylvania Human Relations Act.

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. sec. 4904, relating to unsworn falsification to authorities.

10/21/14
Date

Nidia Gracia